UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 17-52-SDD-RLB |
| RAYMOND BRUMFIELD | |

### **RULING**

This matter is before the Court on the *pro se Motions for Jail Time Credit*[1] filed by Defendant, Raymond Brumfield ("Defendant"). The Government has filed an *Opposition*[2] to the motion. In this motion, Defendant requests that the Court order the application of credit for time served between December 13, 2016 and December 5, 2017, although some of this time was served in state custody. Defendant claims the Court awarded him this credit at sentencing; however, there is no record of this order, and the Court lacks authority to calculate or award credit for time served under the law.

The Supreme Court has made clear that the Attorney General (through the BOP) computes credit for time served in official detention, not the sentencing court.[3] The Fifth Circuit has recently found that the sentencing court lacks jurisdiction to compute credit, and the BOP is not bound by a district court's decision to award or deny custody credit.[4]

---

[1] Rec. Doc. Nos. 50 & 54.
[2] Rec. Doc. No. 60.
[3] *United States v. Wilson*, 503 U.S. 329, 333 (1992) (discussing 18 U.S.C. § 3585(b)); *see also Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003).
[4] *Smith v. McConnell*, 950 F.3d 285, 288 (5th Cir. 2020).

Document Number: 64295                                                                                                          1

Even so, "prisoners are afforded administrative review of the computation of their credits, and may seek judicial review of these computations after exhausting their administrative remedies."[5]  The Government submits that Defendant is currently being held on a state court writ in East Baton Rouge Parish Prison, and his federal designation is USP Coleman I in Florida.[6]  Once transferred to Coleman, Defendant may administratively challenge his sentence computation with the BOP through its administrative remedy system.  Should Plaintiff not be satisfied after exhausting his administrative remedies, he may seek relief from the Court pursuant to 28 U.S.C. § 2241.

Accordingly, Defendant's *Motions for Jail Time Credit*[7] are DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 11th day of December, 2020.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[5] *United States v. Aparicio*, 963 F.3d 470, 478 (5th Cir. 2020), *pet. for cert. filed*, 20-5410 (2020) (footnote and citations omitted).
[6] Rec. Doc. No. 53, p. 4.
[7] Rec. Doc. Nos. 50 & 54.